IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELMO ANTONIO GEORGE, ) | |
| Reg. No. 63238-019, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-104-WHA |
| ) | |
| DENNIS STAMPER, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

This case is before the court on an amended 28 U.S.C. § 2241 petition for writ of habeas corpus (Doc. No. 5) and supporting affidavit of claim (Doc. No. 12) filed by Elmo Antonio George ("George"), a federal inmate incarcerated at the Maxwell Federal Prison Camp.  George is incarcerated on a 71-month sentence imposed upon him by the United States District Court for the Southern District of Florida for Conspiracy to Defraud the United States and Making a False Tax Return (2 counts).  *See United States v. George,* Case No. 0:11-CR-60254-WPD-1 (S.D. Fla. 2012).  In this habeas action, George asserts that his submission of a registered bond promising to pay the restitution assessed in his criminal cases, i.e., $229,305, fully satisfies the judgment entered against him, regardless of the sentence imposed, and entitles him to immediate release from confinement.[1]

---

[1] The differing amounts of restitution referenced in this Recommendation reflect the amount of restitution imposed in the initial judgment - $299,305, and the amount of restitution levied in the amended judgment - $229,305.  When referencing the registered bond, George identifies the amount of the bond as $299,905, which is the total of the restitution initially ordered by the trial court and the special assessments imposed upon both George and his wife.

The respondent filed a response addressing the habeas petition in which he argues that George is entitled to no relief from this court. *Doc. No. 15*. George submitted a response in opposition to the respondent's response. *Doc. No. 20*. Upon review of the petition, the response filed by the respondent and the response in opposition filed by George, the court concludes that the 28 U.S.C. § 2241 petition for writ of habeas corpus is due to be denied.

## II.  PROCEDURAL HISTORY

In his response, the respondent accurately sets forth the procedural history of this case.[2] The relevant portion of the response reads as follows:

> A federal grand jury in the Southern District of Florida, returned an indictment charging Elmo George and his common-law wife, Nasheba Hunte, with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and two counts of filing false income tax returns, in violation of 26 U.S.C. § 7206(1) (CRDE 2). Following a five-day trial, George and Hunte were convicted on all counts (CRDE 84-88). George was sentenced to a total of 71 months of imprisonment, three years of supervised release, $229,305 in restitution, and a $300 assessment (CRDE 131 [amended judgment and commitment order]). Hunte was sentenced to a total of 51 months of imprisonment, three years of supervised release, $229,305 in restitution, and a $300 assessment (CRDE 116). The defendants were ordered jointly and severally liable for the $229,305 in restitution (CRDE 139:19; CRDE 140:23).
> George appealed his conviction, but not his sentence, and the Eleventh Circuit affirmed the judgment in an unpublished opinion (CRDE 149 [mandate]). *United States v. Hunte*, 559 F. App'x 825 (11th Cir. 2014).
> George filed a petition for writ of habeas corpus under 28 U.S.C § 2241 in the Middle District of Alabama, where he was incarcerated, challenging the validity of his conviction and sentence (14-688 CVDE 1). That petition was dismissed for lack of jurisdiction (14-688 CVDE 6).

---

[2]The respondent identifies documents filed in George's criminal case before the Southern District of Florida as CRDE with an accompanying docket number. Documents filed in a previous habeas petition filed in this court by George, *George v. Stamper*, Case No. 14-CV-688-WKW-TFM, are identified as 14-688 CVDE followed by a docket entry number, whereas documents filed by George in a 28 U.S.C. § 2255 filed in the Southern District of Florida, *George v. United States*, Case No. 15-CV-60336-WPD, are referenced as 15-60336 CVDE followed by a docket number. In addition, documents filed in George's "Commercial Habeas Corpus" before the Southern District of Florida are identified as CRDE followed by a docket number. Finally, the documents filed in the instant case are cited as DE with a corresponding docket number. Exhibits attached to the response include a copy of George's amended judgment and commitment order (Exhibit A - Doc. No. 15-1), a copy of the transcript of his sentencing hearing (Exhibit B - Doc. No. 15-2), a copy of his "Commercial Habeas Corpus" (Exhibit C - Doc. No. 15-3) and a copy of the order dismissing this commercial habeas (Exhibit D - Doc. No. 15-4).

George subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (15-60336 CVDE 1) [in the United States District Court for the Southern District of Florida]. The District Court denied George's motion without requesting a response from the United States (15-60336 CVDE 4). George appealed the denial of his § 2255 motion (15-60336 CVDE 5), which was dismissed because he had not made the necessary showing to obtain a certificate of appealability (15-60336 CVDE 10).

George filed a motion seeking to reopen his § 2255 proceeding (15-60336 CVDE 11) and an amended § 2255 motion (15-60336 CVDE 12). The motion to reopen was denied and the amended § 2255 motion was dismissed (15-60336 CVDE 13).

On January 5, 2016, George filed a pro se "Commercial Habeas Corpus" in his criminal case requesting that the District Court vacate George's judgment of imprisonment because he had allegedly satisfied the monetary judgment imposed in his criminal case by mailing a registered bond in the amount of $299,905 to the United States Treasury via the United States mail (CRDE 154). George argued that it was "no longer equitable" for his judgment to "have prospective application" once it had been "discharged" (CRDE 154). On January 19, 2016, the District Court dismissed the petition on three alternative grounds (CRDE 155). First, the Court found that any habeas corpus petition pursuant to 28 U.S.C. § 2241 would have to be filed in the Middle District of Alabama, where George was incarcerated (CRDE 155:2). Second, to the extent the pleading was a motion to vacate pursuant to 28 U.S.C. § 2255, the Court found that the motion was successive and George could not proceed without first obtaining permission from the Eleventh Circuit Court of Appeals (CRDE 155:2). Finally, the Court found that if the pleading were interpreted to be "just another tax protestor frivolous filing, it [was] dismissed as non-sensical" (CRDE 155:2).

On February 11, 2016, George repackaged his unsuccessful "Commercial Habeas Corpus" petition and filed it as the petition for writ of habeas corpus currently before this Court (DE 1). In his initial petition, George requested that the Court issue a certificate of satisfaction of judgment; extinguish all liens and detainers; release all collateral; and grant any other appropriate relief because he had allegedly satisfied the judgment imposed in his criminal case when he "tendered" a "[r]egistered bond" in the amount of $299,[9]05.00 as full payment (DE 1). The Magistrate Judge issued a report and recommendation (R&R) (DE 4). Because the habeas petition failed to challenge the constitutionality of his current custody, the Magistrate Judge recommended that George's petition be dismissed without prejudice with leave to seek the issuance of a satisfaction of judgment in his criminal case (DE 4:2).

George filed an objection to the R&R seeking leave to amend his claim to challenge the constitutionality of his detention (DE 5). George alleged that he had satisfied the judgment imposed in his criminal case [by submitting a registered bond promising payment of restitution and assessments] and that [the criminal judgment] was now void (DE 4). He further alleged that enforcing the remainder of the judgment was "no longer equitable" and that his continued incarceration "[i]n the

>absence of a legal obligation" violates "the due process clause of the 5th amendment and the fundamental fairness doctrine" (DE 5:1).
>
>The Magistrate Judge construed George's objection as an amended petition for habeas corpus (DE 6) and ordered the Warden to file a response by April 4, 2016, showing cause why the writ should not be granted (DE 8). George subsequently filed an affidavit in support of his amended habeas claim (DE 12). In his affidavit, George again asserted that he had "tendered" a "[r]egistered bond" in the amount of $299,905.00 as payment of the judgment imposed in his criminal case (DE 11:1). George asserted that "the mere act of retaining" the bond "containing a promise" to pay $299,905.00 in satisfaction of [the monetary portion of] his criminal judgment was "a manifestation of assent to the terms" in the bond (DE 12:1). Therefore, George asserted that the criminal judgment had been discharged (DE 12:1).

*Doc. No. 15* at 2-5 (footnotes omitted).

### III. DISCUSSION

It is undisputed that George's sentence has not yet expired.[3] In addressing George's claim that he is entitled to release from his sentence based on his submission of a registered bond promising to pay restitution and assessments, the respondent argues that the petitioner's "challenge to the execution of his sentence under § 2241 should be summarily denied on the merits because the records from George's criminal case make it clear that he was sentenced to 71 months of imprisonment and ordered to pay $229,305 in restitution and a $300 special assessment. Even if George's allegations regarding the payment of restitution and the special assessment were true, he would not be entitled to [the requested] relief because the Bureau of Prisons (BOP) would still be legally required to execute the separate incarceration portion of George's sentence imposed by the District Court." *Doc. No. 15* at 5. In addition, the respondent contends that "according to the Clerk of the Court for the United States District Court for the Southern District of Florida, [as of March 31, 2016] George still owes $229,169.81 in restitution. Only the $300 special assessment

---

[3] The records before the court establish that the 71-month sentence imposed upon George does not expire until December 19, 2016. In his most recent filing, George acknowledges that his release is December 19, 2016. *Doc. No. 27*.

4

has been paid in full." *Id*. at 5-6. "George's claim that he has satisfied the monetary portion of his sentence by providing a bond promising to pay $299,905, ***even if true***, would not satisfy or void his sentence of imprisonment…. [Furthermore,] George's alleged registered bond promising to pay $299,905 to satisfy his criminal judgment does not constitute payment of the restitution ordered in his criminal case. [Again,] George would not be entitled to habeas relief even if it did, because he has not completed the term of imprisonment imposed in his criminal case." *Id*. at 9 (emphasis in original). Based on the foregoing, the respondent asserts that the claim presented in the instant habeas petition is without merit. *Id*. at 10.

This court must agree with the respondent as the payment of restitution does not in any way affect the length of the sentence imposed upon George; instead, the order of judgment requires that George serve his 71-month sentence ***and*** pay restitution. There is no basis in law for the argument made by George. Moreover, it is clear that the registered bond supplied by George merely promising payment of the ordered restitution does not constitute actual payment of the assessed restitution. In light of the foregoing, the court concludes that George is entitled to no relief from this court.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Elmo Antonio George be DENIED and this case be DISMISSED with prejudice.

It is further ORDERED that on or before December 28, 2016 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections

to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 13th day of December, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE